UNITED STATES DIST-RICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY LOUISE FITZMAURICE,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) Nos. 3:13-cr-123-TAV-HBG<br>)     3:16-cv-53-TAV<br>)<br>) Chief Judge Varlan<br>)<br>) |

**RESPONSE TO PETITIONER'S MOTION
FILED PURSUANT TO 28 U.S.C. § 2255**

  The United States of America hereby responds in opposition to petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**FACTUAL AND PROCEDURAL HISTORY**

  On June 2, 2014, the petitioner, Kelly Louise Fitzmaurice, was sentenced to serve 151 months in prison for child pornography offenses. The sentence came as a result of the petitioner's guilty plea to distribution and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B), respectively. As the stipulated factual basis in the petitioner's plea agreement stated, 28 videos and 277 images of child pornography had been found on her computer, including sexually explicit images of prepubescent children and portrayals of sadistic or masochistic conduct.

  After all of the applicable sentencing enhancements had been applied and the petitioner had been given credit for acceptance of responsibility, her total offense level was 34. Since her criminal history level was I, the applicable guideline range was 151 to 188 months. On June 2, 2014, the Court sentenced the petitioner to a term of imprisonment at the bottom of the guideline

range – 151 months.  The petitioner filed no appeal.  The instant motion for § 2255 relief was filed on January 28, 2016.

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid.  *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).  He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987).  First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms."  *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise.  *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").  Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different."  *Strickland*, 466 U.S. at 694.  "An error by counsel, even if professionally

2

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland* to obtain relief], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

## ARGUMENT

### 1. *As a preliminary matter, the petitioner's motion is untimely and should thus be dismissed.*

A one-year period of limitation applies to § 2255 motions, and that period typically runs from the date on which the judgment of conviction becomes final, *i.e.*, upon the expiration of direct review or the time for seeking such review. 28 U.S.C. § 2255(f)(1); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured [is] the date on which the judgment of conviction becomes final."). Because the petitioner did not file a direct appeal, her conviction became final on June 17, 2014. Her § 2255 motion was not filed until January 28, 2016, so it is untimely on its face.

Although the one-year statute of limitations for § 2255 motions is not a jurisdictional bar and may be tolled under limited, extraordinary circumstances, the petitioner has not established any basis for equitable tolling to be granted here. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.

3

2003). A petitioner bears the burden of establishing that equitable tolling applies to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy that burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *accord Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011). The petitioner has not made any such showing here; instead, she offers only the following self-serving explanation for why the one-year statute of limitations should not bar her motion:

> I am filing this appeal late because I had been trying to get in touch with my attorney to see what the appeal process involves but I got no response from my attorney, so I tried to file this myself. I am not sure if this is what I am suppose[d] to do. I would like to file an appeal[.]

(R. 30, Motion at 10.) Even if the Court were to construe the petitioner's statement as an explanation for the late-filed § 2255 motion – rather than for an untimely appeal – the petitioner offers no valid excuse for her belated filing. More than 18 months passed between the petitioner's sentencing and the submission of her very cursory motion; even if the petitioner initially "tr[ied] to get in touch with [her] attorney," waiting more than 18 months to contact the court to express her desire for further review does not constitute diligence in pursuing her claims, nor does counsel's alleged silence constitute an extraordinary circumstance preventing her from filing her motion earlier. "Absent compelling equitable considerations, a court should not extend limitations by even a single day," and the petitioner has not identified any compelling circumstances here. *Herman v. United States*, No. 3:04-cr-131, 2010 WL 419986, at *3 (E.D. Tenn. Jan. 28, 2010) (quoting *Jurado*, 337 F.3d at 643). Accordingly, this Court should deny the petitioner's § 2255 motion as untimely.

4

### 2. *The petitioner has not established that counsel was ineffective for not filing an appeal.*

The petitioner alleges that counsel failed to appeal on her behalf and was thus constitutionally ineffective. (R. 30, § 2255 Motion at 3–4.) It is true that "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *Regalado v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003), and that, where counsel fails to file an appeal after being expressly instructed to do so, a defendant is ordinarily entitled to a delayed direct appeal, regardless of whether such an appeal would be meritorious, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

The Sixth Amendment right to counsel is "only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). It is insufficient for a petitioner to demonstrate that she "expressed" a "desire" to appeal; she must show that she "specifically instruct[ed]" his attorney to file an appeal. *Regalado*, 334 F.3d at 525. The petitioner offers no proof that she specifically asked her attorney to file an appeal, nor does she identify the manner in which she purportedly made this request of defense counsel (*i.e.*, whether in person, by telephone, by letter or by email). Even her own descriptions of what she claims to have told her attorney are inconsistent. Although she claims at one point that counsel "ignored" her request for an appeal (*e.g.*, R. 30, Motion at 3), her motion repeatedly states that she had only asked counsel "about [her] appeal options" (*id*. at 5; *accord id*. at 3). And she states that she requested an appeal only after she was sentenced (*id*. at 3, 4, 5) without specifying how soon after her sentencing she notified counsel of her desire to appeal. From her petition, it is unclear whether (1) the petitioner instructed her attorney to file an appeal within the time period for doing so; (2) the petitioner only asked her attorney about her

5

"appeal options"; or (3) the petitioner merely attempted to contact her attorney to convey her desire for an appeal. Quite simply, the petitioner has not established that she asked counsel to appeal within the time period for doing so, and the lack of factual support is fatal to her claim.[1] *See Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *3 (6th Cir. Apr. 15, 1999) (denying relief where a petitioner "made no attempt to provide the court with any [relevant] facts" to support his claim that counsel should have filed a direct appeal); *accord Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (deeming a § 2255 motion "legally insufficient to sustain review" where "claims are stated in the form of conclusions without any allegations of facts in support thereof"); *United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007) (deeming undeveloped claims unreviewable).

Moreover, if the petitioner's counsel had filed an appeal, as the petitioner now claims he should have done, the United States would have moved to dismiss it based on the appellate-waiver provision in the plea agreement, and such a motion would likely have been granted. *See, e.g.*, *United States v. Sharp*, 442 F.3d 946, 949-52 (6th Cir. 2006) (dismissing an appeal where the defendant had waived the right to appeal when he pleaded guilty). In fact, the Sixth Circuit "strongly encourage[s] the government to promptly file a motion to dismiss . . . where [a] defendant waived his appellate rights as part of a plea agreement." *United States v. McGilvery*,

---

[1] Despite the petitioner's failure to set forth adequate facts upon which relief may be granted, the United States nonetheless contacted the petitioner's counsel, Federal Defender Bobby Hutson, Jr., about the petitioner's allegation that she asked him to file a direct appeal on her behalf. Mr. Hutson has declined to confirm or deny the veracity of the petitioner's claim. If this Court is inclined to credit the petitioner's assertion that she requested an appeal, the United States submits that an evidentiary hearing—at which both the petitioner and Mr. Hutson would be expected to testify under oath—would be necessary to determine when, if at all, the petitioner requested that an appeal be filed. Yet a hearing is unnecessary where, as here, the petitioner's claims are conclusory. *See Craig v. United States*, 513 F. App'x 487, 489 (6th Cir. 2013) (deeming a hearing unnecessary if the record shows that the "petitioner is entitled to no relief") (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (same).

6

403 F.3d 361, 363 (6th Cir. 2005); *accord United States v. Berro*, 348 F. App'x 98, 101 (6th Cir. 2009). The existence of an enforceable appeal-waiver provision makes it even less likely that the petitioner timely asked counsel to file an appeal.

Petitioner also seeks to challenge the effectiveness of her attorney's assistance by claiming that he "failed to challenge the restitution amount" that was assessed as part of her judgment. (R. 30, § 2255 Motion at 6.)   In fact, the $500 restitution amount was the result of negotiation among counsel for the parties and the attorney for a group of victims. (*See* Email from Bobby Hutson to Frank Dale (May 13, 2014) (Ex. A).)

### 3. ***The petitioner has not established that counsel was ineffective for allegedly failing to petition the Court for a mental health evaluation.***

Petitioner asserts that her counsel performed ineffectively by failing "to petition the Court for an order for a mental health evaluation." (R. 30, § 2255 Motion at 5.)  She offers no supporting facts or explanation for why she thinks a mental evaluation was necessary, what might have been found if one had been ordered, or even how counsel should have known to seek a mental health evaluation.  When asked in open court whether she had "ever suffered from or been treated for any mental health illness or addiction to narcotic drugs of any kind," she replied "No, sir."  (R. 34, Plea Tr. at 4.)  Furthermore, the petitioner's attorney informed the Court that he considered her competent to enter a guilty plea. (*Id.*)  The petitioner writes that she asked her defense attorney "to ask the court could I be seen by a mental health professional," but states that she was ignored.  (R. 30, § 2255 Motion at 5).  The petitioner's self-serving claim notwithstanding, she offers no evidence to demonstrate that she suffered any type of mental condition that required evaluation.  In fact, during the plea colloquy and while under oath, the petitioner denied suffering from any mental health illness.  The petitioner's current claim, that

7

she should have received a mental evaluation, is thus contradicted by the record of the plea colloquy, and does not demonstrate constitutional ineffectiveness.

The standard for determining whether a competency evaluation is necessary is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *United States v. Hawkins*, 8 F. App'x 332, 334 (6th Cir. 2001). Due process requires a court to conduct a hearing only if there is "substantial evidence" of a defendant's incompetency or if the court has a reasonable doubt about competency, *i.e.*, if the defendant's competency is in question. *Pate v. Robinson*, 383 U.S. 375, 385 (1966); *Medina v. California*, 505 U.S. 437, 449 (1992). The Sixth Circuit has held that "failure to make a proper competency inquiry where there is substantial evidence of a defendant's incompetency violates due process," *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000), but assertions of incompetence, especially after the fact, do not constitute "substantial evidence." *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004) (finding a hearing unnecessary where no facts had even been alleged to support allegations of incompetence). Absent some evidence of record that raised a doubt as to the petitioner's competency – *e.g.*, "irrational behavior, his demeanor at trial, and any prior medical opinion on competence," *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000) – counsel had no basis to investigate the issue or request a mental health assessment, so counsel's performance cannot be deemed deficient.

Further, the Court is entitled to rely upon the petitioner's sworn statement during the plea colloquy, especially in the absence of any reason why the petitioner would have been untruthful or any evidence suggesting her incompetence. *See e.g., Hubbard v. United States*, No. 1:08-cr-76, 2013 U.S. Dist. LEXIS 17772, at *11-12 (E.D. Tenn. Feb. 11, 2013) (finding no evidence of

8

mental incompetency at the time of guilty plea or sentencing where petitioner stated under oath he had never been treated for mental illness). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Additionally, even if the petitioner could have somehow shown that counsel's performance was deficient in this respect, the petitioner cannot establish that she suffered any prejudice as a result. Given the absence of any evidence at all suggesting legal incapacity, the petitioner cannot show that this Court would have ordered a mental health evaluation had counsel merely requested it, much less that the petitioner would have been deemed incompetent and thus unable to plead guilty.

Here, the record shows that the petitioner had a rational as well as factual understanding of the proceedings against her at all relevant times, and that, aided by counsel, she made rational choices: the government had ample evidence of her guilt and she faced a statutorily-authorized sentencing range of five to twenty years' imprisonment (*see* R. 13, Plea Agreement at ¶ 1). By pleading guilty and accepting responsibility for her actions, the petitioner ultimately received a much lower sentence of 151 months. (R. 13, Plea Agreement at ¶¶ 1, 6; R. 26, Judgment at 2.) It stands to reason that the petitioner would have acted no differently and the proceedings would have been no different if her counsel had explicitly requested a mental health evaluation. As the petitioner has not satisfied *Strickland*'s two-part standard with respect to that ineffective-assistance-of-counsel claim, it cannot serve as a basis for relief.

### 4. *The petitioner's plea was knowing and voluntary.*

The petitioner suggests that her guilty plea was unknowing and involuntary, in that she allegedly "did not understand the consequences of . . . pleading guilty." (R. 30, § 2255 Motion at

9

8.) Specifically, she complains that, to this day, she doesn't "understand [her] long sentence." (*Id.* at 9).

The petitioner's challenge to the validity of her plea could have been raised on direct appeal, but were not, and are thus procedurally defaulted; to obtain review, the petitioner must show that (1) she had good cause for not raising these claims earlier and would suffer "actual prejudice" if they were not now reviewed, or (2) she is actually innocent. *See, e.g., Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). The Supreme Court has made clear that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621. The "hurdle" the petitioner faces to excuse her procedural default is "intentionally high . . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). The petitioner has not overcome that "hurdle" here.[2]

In any event, even if the petitioner's procedural default could be excused, the record reveals that her plea was knowing and voluntary. After swearing to tell the truth and being advised of the consequences for lying, the petitioner said she understood the elements of the offenses with which she was charged and the rights she was giving up by pleading guilty, that she agreed with the factual basis set forth in the plea agreement, that she knew the statutorily-

---

[2] The petitioner may be attempting to argue that she should be allowed to litigate her procedurally defaulted claims on collateral review because the Sixth Circuit would have barred any attempt to do so on direct appeal. But where a defendant has waived her right to appeal an issue, a district court "properly refuse[s] to consider" that claim on collateral review "in light of [the] waiver of a direct appeal." *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *4 (6th Cir. Sept. 27, 1999). Having waived her right to direct review, the petitioner should not be allowed to circumvent that waiver via collateral review.

10

authorized penalties for her offenses, and that she had received an "ample opportunity" to discuss the case (and the written plea agreement) with counsel, with whose representation she was satisfied. (*See generally* R. 34, Plea Tr. at 3-6, 11-19.) As noted earlier, "solemn declarations in open court carry a strong presumption of verity," *Blackledge*, 431 U.S. at 74, and because "the court . . . scrupulously followed the required procedure [under Rule 11], the defendant is bound by [her] statements . . . ." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (internal citation and quotation marks omitted); *accord United States v. Rennick*, 219 F. App'x 486, 488-89 (6th Cir. 2007).

In short, petitioner has not demonstrated that her plea was involuntary and unknowing. Accordingly, her claim should be rejected as meritless, if not procedurally defaulted.

## CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion should be denied.

                Respectfully submitted,

                NANCY STALLARD HARR
                Acting United States Attorney

By:    *s/ Frank M. Dale, Jr*_____
        Frank M. Dale, Jr.
        Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that on April 18, 2016, this response was filed electronically and a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Kelly Fitzmaurice
No. 47102-074
Aliceville Federal Correctional Institute
P.O. Box 4000
Aliceville, AL 35442

*s/ Frank M. Dale, Jr*
Frank M. Dale, Jr.
Assistant United States Attorney